# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **UNITED VAN LINES, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO.** |
| § | **1:20-cv-03226** |
| **MIKE HICKEY,** § | |
| § | |
| **Defendant.** § | |
| § | |

## COMPLAINT

Plaintiff United Van Lines, LLC ("United" or "Plaintiff") files this Complaint against Defendant Mike Hickey ("Hickey" or "Defendant") and alleges, by and through its undersigned counsel, the following:

## JURISDICTION

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337. This action involves collection of transportation charges due under a published interstate household goods tariff for a shipment of household goods moving in interstate commerce pursuant to the Interstate Commerce Act, 49 U.S.C. §§ 14705, 13702(b)(1), 13706 and 13708(c), and as confirmed in *Thurston Motor Lines v. Rand*, 460 U.S. 533 (1983).

2. The matters and controversy complained of herein arose from and during the interstate transport by motor carrier of Hickey's household goods from Livermore, Colorado to Morganton, Georgia, in May 2019 (the "Move").

## PARTIES

3. United is a Missouri limited liability company whose principal place of business is located at One United Drive, Fenton, Missouri 63026.

4. United is a motor carrier engaged in the performance of interstate carriage of household goods for hire by the authority of the Surface Transportation Board (formerly the Interstate Commerce Commission) and the Federal Motor Carrier Safety Administration ("FMCSA") under USDOT Number 77949.

5. Hickey is a citizen and resident of the State of Georgia, and he may be served with summons and this Complaint at 87 Dillons Lane, Morganton, Georgia 30560.

## VENUE

6. A substantial portion of the Move was performed in Larimer County, Colorado. Thus, venue is proper in the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1391(b)(2). The Move was estimated, booked, packed, loaded, and originated in Larimer County, Colorado, in this District.

## COUNT ONE – BREACH OF TRANSPORTATION CONTRACT

7. United incorporates by reference the preceding allegations in this Complaint.

8. In May 2019, Hickey hired United to move his household goods from Livermore, Colorado to Morganton, Georgia.

9. Pursuant to the terms of the Order For Service/Bill of Lading (Order No. 999-2016-9) (hereinafter the "Bill of Lading") between United and Hickey, attached hereto as Exhibit A, United loaded and picked up Hickey's household goods at Hickey's residence in Livermore, Colorado on or about May 3, 2019, and transported the same to Morganton, Georgia.

10. The Bill of Lading was signed by Hickey as the owner of the household goods and property, and the beneficiary of United's services.

11. The Bill of Lading contains contract Terms and Conditions outlining the obligations of the parties, including the following:

> SECTION 7: The above-named Customer agrees that Carrier shall transport the goods and effects tendered by the Customer subject to the terms and conditions of this Bill of Lading. The Customer further agrees that title for all packing materials and other property sold to Customer passes to Customer prior to transportation of such property for the Customer by Carrier. Customer, Consignor upon tender of the shipment to Carrier, and the Consignee, upon acceptance of delivery of shipment from Carrier, shall be jointly and severally liable for all freight and other charges accruing on account of a shipment in accordance with applicable tariffs or contract rate schedules, including all sums advanced or disbursed by Carrier on account of such shipment. The owner of the goods and/or beneficiary of the services acknowledges he/she remains primarily liable for payment in the event that Carrier extends credit by agreeing to bill an employer or other party and any or all of such charges are not paid. The joint and several liability of the Customer, Consignor and Consignee as set forth in this section is absolute, and no prior or subsequent course of dealing among Customer, Carrier, and/or Consignee (including, but not limited to, the course of dealing pertaining to billing and collecting of shipping charges) shall be construed as limiting, impairing, waiving or discharging such joint and several liability. If the description of articles or other information on this Bill of Lading is found to be incorrect or incomplete, the freight and other charges will be paid based upon the articles actually shipped.

12. United delivered Hickey's household goods to Hickey's residence in Morganton, Georgia on or about May 8, 2019.

13. The transportation charges accruing from the interstate transportation of Hickey's household goods and related transportation services total $24,877.04. Hickey has not paid these charges and such amount remains due and owing.

14. The interstate transportation of Hickey's household goods and related transportation services were performed by United in accordance with the Bill of Lading and United's interstate household goods tariff provisions incorporated therein, which were duly

published as required by the Interstate Commerce Act.  Such claims are exclusively governed by 49 U.S.C. §§ 13704, 13706, 13707, 13710, 14704, and 14705, irrespective of the amount in controversy.

15. Despite due demand by United, Hickey has refused to pay the total outstanding interstate household goods transportation tariff charges in the amount of $24,877.04, which amount remains due and owing under the Bill of Lading and United's tariff.

## COUNT TWO – QUASI CONTRACT

16. United incorporates by reference the preceding allegations in this Complaint.

17. As a result of the foregoing, United provided interstate transportation and related transportation services to Hickey which he requested and accepted.  The reasonable value of the services performed by United for the benefit of Hickey was $24,877.04.  Accordingly, Hickey is liable to United under theories of *quantum meruit* and/or unjust enrichment.

## COUNT THREE – PROMISSORY ESTOPPEL

18. United incorporates by reference the preceding allegations in this Complaint.

19. As a result of the foregoing, Hickey promised to pay United for the interstate transportation and related transportation services he requested.  United reasonably relied on Hickey's authorization and promise to pay for the interstate transportation and related transportation services upon being invoiced.  Said promise was made prior to United's performance of said services, and reliance upon said promise was foreseeable to Hickey.  Accordingly, injustice can be avoided only by enforcing Hickey's authorization and promise to pay United for the interstate transportation of Hickey's household goods and property.

## **PRAYER FOR RELIEF**

WHEREFORE, United demands judgment against Hickey in the principal sum of $24,877.04, pre- and post-judgment interest at the rates allowed by law, costs of court, and such other and further relief to which United may demonstrate itself justly entitled.

DATED:   October 28, 2020

Respectfully submitted,

*/s/ Vic H. Henry*
Vic Houston Henry
vhhenry@hoaf.com
Emileigh S. Hubbard
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER**
   **A Professional Corporation**
600 17th Street, Suite 2800
Denver, Colorado 80202
Telephone: (303) 260-6444
Facsimile: (303) 260-6401

**ATTORNEYS FOR PLAINTIFF
UNITED VAN LINES, LLC**

**Defendant:**
Mike Hickey
87 Dillons Lane
Morganton, Georgia 30560